IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JERRY ERNEST LOPEZ,<br><br>               Plaintiff,<br><br>v.<br><br>CACHE COUNTY,<br><br>               Defendant. | **MEMORANDUM DECISION &<br>ORDER TO SHOW CAUSE AS TO<br>ORDER TO CURE DEFICIENT<br>AMENDED COMPLAINT**<br><br>Case No. 1:19-CV-48-DB<br><br>District Judge Dee Benson |

Plaintiff proceeds *in forma pauperis*. (ECF No. 5.) On November 12, 2019, the Court

screened the Amended Complaint, (ECF No. 14 (lodged); ECF No. 16 (filed)), under its statutory

review function[1] and ordered Plaintiff to within thirty days file a second amended complaint to

cure deficiencies before further pursuing claims. (ECF No. 15.) The Court also ordered Plaintiff

to not serve a second amended complaint on any defendants. *See* 28 U.S.C.S. § 1915(d) (2020)

("The officers of the court shall issue and serve all process, and perform all duties in [*in forma*

*pauperis*] cases."). Instead of following the Court's orders, Plaintiff served the Amended

Complaint (already deemed inadequate) on Defendant Cache County. (ECF Nos. 17-18, 22.)

---

[1] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2020).

Nearly eight months after the Court's Order, Plaintiff still has never filed the required second amended complaint.

The Court therefore orders Plaintiff to show cause why his case should not be dismissed and offers Plaintiff repeated guidance should he decide to file a second amended complaint.

## AMENDED COMPLAINT'S DEFICIENCIES REPEATED

Amended Complaint:

(a) does not properly affirmatively link Defendant to civil-rights violations (see below).

(b) tries to state § 1983 claims in violation of municipal-liability doctrine (see below).

## GUIDANCE FOR PLAINTIFF REPEATED

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal

theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[2]

(2) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

---

[2] The rule on amending a pleading reads:
> (a) Amendments Before Trial.
>> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>>> (A) 21 days after serving it, or
>>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>> (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

(3) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id.*").

(4) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(5) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

(6) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2019). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

### • Affirmative Link

[A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal

> liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

### • Local Government Liability

To establish liability of local-government entities, such as Cache County, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Local governmental entities may not be held liable under § 1983 based on the doctrine of *respondeat superior. See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Plaintiff has not so far established a direct causal link between his alleged injuries and any custom or policy of Cache County. Thus, the Court concludes that Plaintiff's complaint, as it stands, fails to state claims against Cache County**.**

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days **SHOW CAUSE** why his case should not be dismissed because he failed to cure the Amended Complaint's deficiencies noted above by filing a document entitled, "Second Amended Complaint."

 (2) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil- rights complaint which Plaintiff must use if Plaintiff wishes to pursue an amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice-.

(4) Plaintiff shall not try to serve Second Amended Complaint on Defendants; instead the Court will perform its screening function and determine itself whether the amended complaint warrants service. No further motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2020) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

(5) Plaintiff's motions for hearing and default are **DENIED**. (ECF Nos. 19 & 24.) There has been no valid complaint on file since the Court's Order of November 12, 2019. (ECF No. 15.)

(6) Defendant's motion to quash service is **GRANTED**. (ECF No. 23.) The Court specifically ordered Plaintiff not to serve a complaint. (ECF No. 15, at 5.)

(7) Plaintiff's motion for appointed counsel, (ECF No. 25), is **DENIED** for the same reasons stated in the Court's prior Order, (ECF No. 5), denying Plaintiff's first motion for appointed counsel, (ECF No. 3). As the Court said in that earlier order, "if, after the case is screened, it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear pro bono on Plaintiffs behalf." (*Id*. at 3.) Because the need for counsel will be continually re-evaluated by the Court as the case progresses, there is no call for further motions of this nature.

DATED this 10th day of July, 2020.

BY THE COURT:

DISTRICT JUDGE DEE BENSON
United States District Court