IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JERRY ERNEST LOPEZ,<br><br>                  Plaintiff,<br><br>v.<br><br>CACHE COUNTY,<br><br>                  Defendant. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 1:19-CV-48 DB<br><br>District Judge Dee Benson |

       Plaintiff filed this *pro se* prisoner civil-rights suit, *see* 42 U.S.C.S. § 1983 (2020), proceeding *in forma pauperis*, *see* 28 *id.* § 1915. Screening the Amended Complaint, (ECF No. 16), under its statutory review function, 28 U.S.C.S. § 1915A (2020), the Court concluded that Plaintiff must cure deficiencies in a second amended complaint. (ECF No. 15.) When Plaintiff did not timely file a second amended complaint, the Court ordered him to show cause why the case should not be dismissed. (ECF No. 27.) In response, Plaintiff filed a second amended complaint, (ECF No. 28), which the Court now screens.

       In his amended complaint, Plaintiff again names as sole defendant Cache County (CC), though the Court warned him in past orders that he had not affirmatively linked CC to a civil-rights violation and had not "established a direct causal link between his alleged injuries and any custom or policy of Salt Lake City." (ECF Nos. 15, 27.) Plaintiff's second amended complaint still mirrors these same fatal flaws, instead of naming the individual county personnel who may have allegedly negligently maintained jail cleanliness, provided an insufficient law library, and unlawfully incarcerated him.

To be valid, the Second Amended Complaint must clearly state what the defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each defendant is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Moreover, Plaintiff may not name a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

Further, to establish liability of local-government entities, such as CC, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Local governmental entities may not be held liable under § 1983 based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Plaintiff has not tied any material facts to CC. Nor has he suggested a direct causal link between his alleged injuries and any CC custom or policy. Any claims against CC may not survive these omissions; they are thus dismissed.[1]

---

[1] As apparent alternative bases to dismiss each of Plaintiff's claims, regarding Plaintiff's (1) negligence claim, "the 'inadvertent failure to provide adequate . . . care' tantamount to negligence does not satisfy the deliberate indifference standard," *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)); (2) law-library claim, Plaintiff has not asserted a valid constitutional claim for denial of access to courts because he has not alleged as he must "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim," *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995), in a "habeas corpus or civil rights actions regarding current confinement," *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996); and (3) illegal-confinement claim, this is possibly improper under *Heck*, in which "the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's [incarceration] cannot be maintained unless the [basis for

**IT IS ORDERED** that, for failure to state a claim upon which relief may be granted, sole Defendant CC is **DISMISSED**. *See* 28 U.S.C.S. § 1915(e)(2)(ii) (2020). This action is **CLOSED**.

DATED this 5th day of November, 2020.

BY THE COURT:

JUDGE DEE BENSON
United States District Court

---

incarceration] has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).